UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
MICHAEL MARAN,                   :         CASE NO. 4:16-CV-477
                                                :
            Petitioner,                    :
                                                :
vs.                                           :         OPINION & ORDER
                                                :
UNITED STATES OF AMERICA,  :
                                                :
            Respondent.                  :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* petitioner Michael Maran, a federal prisoner incarcerated at FCI Elkton, has filed this petition for a writ of habeas corpus under 28 U.S.C. §2241. He challenges his sentence, imposed by the District Court for the Southern District of Florida, for distribution and possession of child pornography. The District Court applied a five-level sentencing enhancement and sentenced petitioner to 293 months' imprisonment. The sentence was affirmed on direct appeal by the Eleventh District Court of Appeals. *United States v. Maran*, 531 F. App'x 999, 2013 WL 5345535 (11th Cir. Sept. 25, 2013).

In this petition, petitioner contends his enhanced sentence violates his constitutional right under the Eighth Amendment to be free from cruel and unusual punishment, and he asks this Court to vacate his sentence and re-sentence him without the "arbitrary and irrational sentencing enhancements." (Doc. No. 1 at 8.)

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. §2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing §2254 Cases in the United States District Courts (applicable to §2241 petitions under Rule 1(b)).

It is evident from the face of the petition that the petitioner is not entitled to relief.

A habeas petition under §2241 "is appropriate for claims challenging the execution or manner in which [a] sentence is served," not for claims challenging the validity of a prisoner's conviction or sentence, which must be asserted in the sentencing court under 28 U.S.C. §2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Under highly exceptional circumstances, a federal prisoner may challenge his conviction or sentence under §2241, instead of §2255, if he is able to establish that his remedy under §2255 is inadequate or ineffective to test the legality of his detention. *Allen v. Lamanna*, 13 F. App'x 308, 310 (6th Cir. 2001). However, §2255 is not inadequate or ineffective merely because §2255 relief has been denied, the petitioner is procedurally barred from pursuing §2255 relief, or the petitioner has been denied permission to file a second or successive §2255 motion. *Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004). Rather, a §2241 petition may be allowed only where a petitioner asserts a claim of actual innocence that is based on a rule of law made retroactive by the Supreme Court. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).

Here, petitioner did not challenge his sentence via §2255, and he does not raise a claim of actual innocence (let alone one depending on a retroactively-applicable rule of law). Accordingly, he is not entitled to any relief by way of §2241.

**Conclusion**

For the foregoing reasons, the petition for a writ of habeas corpus is denied and this action is dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: April 11, 2016                        *s/     James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE